UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GILBERTO GEOVANI RIVERA-CASTRO,

Petitioner,

v.

IMPERIAL REGIONAL ADULT DETENTION FACILITY,

Respondent.

Case No.: 26cv5377-LL-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gilberto Geovani Rivera-Castro is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. Pending before the Court is his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner is a noncitizen who claims that his detention is unlawful. *Id.* He seeks a writ of habeas corpus directing Respondents to release him or provide him with a bond hearing. *Id.*

Upon the Court's receipt of the Petition, filed by Petitioner pro se, the Court conditionally appointed counsel and set a briefing schedule. ECF No. 5. The Court set a deadline for Amended Pleadings to be due by October 19, 2026 and for the Government to respond to the Amended Petition on or before October 26, 2026. *Id.* On October 8, 2026, Kara Lee Hartzler from the Federal Defenders of San Diego, Inc. appeared as counsel for

Petitioner in this case. ECF No. 6. The next day, on October 9, 2026, Robert H. Rexrode, III filed a Notice of Appearance and a Motion to Substitute as Counsel, which the Court granted. ECF Nos. 7, 11. However, to date, no Amended Petition (or Motion to Extend that deadline) has been filed, and the deadline was almost one month ago. *See* Docket.

Based on the Court's review of the Petition and Return, it is undisputed that Petitioner is currently detained subject to a final order of removal. ECF No. 1 at 6; *see* Return at 2. Notwithstanding the final order of removal, Petitioner states "My lawyer scammed me and I was not aware that the judge ordered my deportation to El Salvador, had I known, I would of hired another lawyer to represent me and filed for another appeal. . . . I was never aware that I had an order of deportation." Pet. at 6. Accordingly, Petitioner seeks the following relief: "I would like the court to grant me a bond hearing in order to be properly represented by a lawyer." *Id.* at 7. The Government filed a Return and includes the Declaration of Eduardo Vasquez, who is an ICE and Enforcement and Removal Operations ("ERO"). ECF Nos. 8, 8-1. The Government's supporting Declaration states that "ICE has a travel document for Petitioner's removal to El Salvador and intends to schedule him on the next available charter flight." ECF No. 8 at 2. The Government states that Petitioner was already placed on a removal mission to El Salvador on September 23, 2026, but he was removed from the flight due to the filing of the instant Petition. ECF No. 8-1 ¶¶ 13, 14. The Government states that "ICE is awaiting further order from this Court" and that "[i]f Petitioner is denied relief, ICE will resume its removal efforts and work diligently to effectuate Petitioner's removal to El Salvador, which will only require that a new flight be scheduled and his removal can be effectuated promptly." ECF No. 8 at 4 (citing Vasquez Decl.).

To the extent that Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody (or get a bond hearing) because there is no significant likelihood that he can be removed in the reasonably foreseeable future, this argument fails. Here, the Government has provided a Declaration describing efforts by ICE to effect Petitioner's removal to El Salvador, and

upon this Court's ruling on the instant Petition, Petitioner's removal flight will be scheduled. Based on the record before the Court, the Court is not persuaded that Petitioner has rebutted the presumption that his detention pending removal is reasonable.

Accordingly, the Court **DENIES** the Petition without prejudice. The Clerk of Court is directed to close this case.

Dated: November 23, 2026

Honorable Linda Lopez
United States District Judge